Félix Torres-Sosa, Plaintiff and Appellee, v. J. Lema & Co.. Defendants and Appellants.

No. 3824.   Argued February 18, 1926.—Decided December 15, 1926.

*Alemañy Ramírez* for the plaintiff.  *Jacinto Texidor* for the defendants.

Mr. Justice Aldrey delivered the opinion of the court.

The mercantile partnership of J. Lema & Co. of San Juan has a branch in Río Piedras for the sale of shoes, employing therein clerks as salesmen.  One Saturday night ten or twenty minutes after 9 o'clock when, in compliance with the law, stores shall be closed, policeman Félix Torres Sosa entered and ordered the clerks to close the shop, whereupon an argument arose between the policeman and two of the clerks as to whether or not they were selling, and at that moment the other clerk approached and struck the policeman on his head with a piece of iron, wounding him.  For

that act policeman Félix Torres Sosa sued J. Lema & Co. for damages and recovered judgment against them, whereupon they brought this appeal for a reversal of the judgment and a dismissal of the complaint. One of the grounds of the appeal is that the court below erred in holding the defendants liable for the act of their clerk, Ernesto Martínez, in wounding plaintiff and in holding that Martínez acted within the scope of his employment; and that it also erred in applying section 1804 of the Civil Code. This ground of the appeal constitutes the principal question in this case.

Section 1803 of the Civil Code declares the liability of a person who by act or omission injures another through fault or negligence, and section 1804 specifies the exceptional cases where a person is civilly liable for the acts of another, among them being that the owners or directors of an establishment or enterprise are liable for any injury done by their employees within the scope of their employment or in the performance of their duties.

It seems to be immaterial to determine in this case whether or not there was a violation of the law governing the closing of stores when the policeman was assaulted and wounded by one of the clerks in that establishment, because the question is whether the guilty act of the clerk was done by him within the scope of his employment or in the performance of his duties, for in that case only would the defendants be liable for the act of their employee.

The case of *Marrero* v. *López*, 15 P.R.R. 746, is similar to the present case. In that case a watchman intrusted with the duty of guarding the property of his employer while making his rounds asked for a drink of water from some boys who were watching some tobacco belonging to their father, and when one of the boys replied that they had no water and started to run, the watchman shot him dead with a revolver, while the boy was running away. In that case the judgment in favor of the principal was affirmed because

the watchman overstepped the powers conferred on him, going outside of the scope of his employer's business and beyond his duties and the explicit or implicit instructions of his principal. In that case very important rules were cited in order to determine the cases where acts committed by clerks or employees are included within the rule of law making the principal liable for the acts of his employees within the scope of their employment or in the performance of their functions. The court cited with approval the following from the case of *Stone* v. *Hills,* 45 Conn., 44; 29 Am. Rep. 636:

"The rule is that for all acts done by a servant in obedience to the express orders or directions of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the services required, the instructions given and the circumstances under which the act is done, the master is responsible; for acts which are not within these conditions the servant alone is responsible."

Also in the case of *Martínez* v. *Trujillo & Mercado,* 24 P.R.R. 271, the rule cited from the case of *Stone* v. *Hills, supra,* was again cited, together with other cases, and we affirmed the judgment in favor of a principal who had intrusted another person with the watching of his property and authorized him in his capacity as watchman to carry and use a shotgun supplied by his principal. On making the rounds of the property the employee met some laborers and on being questioned by one of them whether he was capable of killing a man for a piece of cane, he loaded the gun to show the laborers how he would act if he found anybody stealing cane, and on trying to close the breech of the gun, which was in an unserviceable condition, he pressed so hard that the gun went off and killed one of the laborers. In that case it was held that although the employee might have been

thought to be acting in his master's interest, yet he performed that service in such an extraordinary fashion that his act was not within the prevision of a prudent person.

For the reasons stated in the opinions in the two cases previously decided by this court, and in accordance with the rules therein cited and the facts in the present case, we come to the conclusion that since the duties of the employees of J. Lema & Co. in their shop in Río Piedras was to sell the goods in stock there, the act of Martínez in assaulting and wounding the policeman while he was talking with the other clerks about the closing of the shop was neither in the line of the business for which he was engaged nor on account thereof. He was not following directions from his principal in that respect, nor was such act within the scope of his employment, nor was he authorized by his employer tacitly or implicitly to commit it, nor was it connected with his duties, so that J. Lema & Co. could not foresee that their clerk might commit an act of that kind in selling the merchandise.

For the reasons set forth the judgment appealed from must be reversed.

Mr. Justice Hutchison took no part in the decision of this case.

### DISSENTING OPINION OF MR. CHIEF JUSTICE DEL TORO

I dissent from the majority opinion because after considering the evidence and the pleadings, I agree with the following finding of the district judge contained in the opinion on which the judgment was based: ''That the acts committed by the employees of the defendants, which led to the assault on the plaintiff by Ernesto Martínez, were done in the execution of the business of the firm which they represented.'' This being so, it is logical that I should also agree with the trial judge that, according to the law and the jurisprudence cited by him, the defendants are liable.